Menendez v. Lynch

BIA
Straus, IJ
A095 668 171

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand sixteen.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

WILSON MENENDEZ, AKA WILSON MENENDEZ-COLINDRES,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

15-509
NAC

_____

| | |
|---|---|
| FOR PETITIONER: | Elyssa N. Williams, Glenn L. Formica, Formica Williams, P.C., New Haven, CT. |
| FOR RESPONDENT: | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Derek C. Julius, Senior Litigation Counsel; Zoe J. Heller, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wilson Menendez, a native and citizen of Guatemala, seeks review of a January 20, 2015, decision of the BIA, affirming a September 9, 2013, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wilson Menendez,* No. A095 668 171 (B.I.A. Jan. 20, 2015), *aff'g* No. A095 668 171 (Immig. Ct. Hartford Sep. 9, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, and only the credibility and corroboration findings are before us. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"The testimony of the applicant may be sufficient to sustain the applicant's burden . . . if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to

2

demonstrate that the applicant is a refugee. . . . Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" the inconsistencies go "to the heart of the applicant's claim." *Id*. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and citations omitted).

Substantial evidence supports the agency's determination that Menendez was not credible and failed to sufficiently corroborate his testimony.

First, Menendez gave conflicting statements regarding why various law enforcement agencies believed he was Mexican. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). At different times, Menendez stated that: the police found his Mexican identification card, authorities did not believe him when he said he was Guatemalan, he could not remember what he said, he mistakenly told authorities he was Mexican, he told authorities that his family lived in Mexico, and he told authorities he was from Mexico because he feared returning to Guatemala. The agency was not compelled to accept his final explanation (that he feared persecution in Guatemala), given the variety of explanations preceding it. *See Majidi*, 430 F.3d at 80. And, he provided false information not only in his initial flight from Guatemala, but also at other points for the next seven years, including when he was placed in removal proceedings.

Second, the agency reasonably relied further on Menendez's failure to provide corroborating evidence. As the Government

4

argues, Menendez has waived any challenge to the agency's corroboration ruling by failing to raise it in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (providing that issues not raised in an opening brief are waived). Moreover, the agency reasonably relied on Menendez's failure to provide a letter or affidavit from his mother who had firsthand knowledge of the events and with whom Menendez was in contact. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Menendez argues that the IJ improperly relied upon his criminal convictions to support the adverse credibility determination. However, the BIA affirmed the IJ's adverse credibility determination based solely on Menendez's conflicting statements regarding his nationality and his lack of corroboration (specifically, the absence of a letter from his mother). Accordingly, the IJ's reliance on the criminal convictions is no longer part of the decision under review. *See Xue Hong Yang*, 426 F.3d at 522.

Given the inconsistency and corroboration findings, the agency reasonably found Menendez not credible and thus unable to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B); *Siewe*, 480 F.3d at 170; *Biao Yang*, 496 F.3d at 273. That finding is dispositive of asylum, withholding of removal, and CAT relief

because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk